JAMES N. GREENLEE, Appellee, v. G. W. EALY, Appellant.

**Malicious prosecution:** SUBMISSION OF ISSUES. In an action for
1 damages for malicious prosecution, in which it appeared that defendant did not consult counsel concerning the prosecution until after it was commenced, and upon advice that the proceeding was improper he dismissed it, plaintiff was entitled to a submission of his claim for damages.

**Submission of issue:** HARMLESS ERROR. A party can not complain
2 of error in the submission of his claim where the evidence shows that he was in no event entitled to recover thereon.

**Malicious prosecution:** PROBABLE CAUSE. ·Recovery of damages for
3 a prosecution for an assault can not be had, where the same was instituted on the advice of the county attorney after a full and fair statement of the facts.

**Evidence:** LIMITATION OF ITS EFFECT BY THE COURT. Where evidence
4 is admissible for certain purposes, failure to limit its effect is not error in the absence of a request therefor.

*Appeal from Benton District Court.*—HON. J. M. PARKER, Judge.

THURSDAY, JANUARY 13, 1910.

ACTION at law to recover damages for malicious prosecution. Judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Tom H. Milner,* for appellant.

*C. W. E. Snyder,* for appellee.

WEAVER, J.—Defendant procured the arrest of the plaintiff on charge of larceny, but withdrew or abandoned the prosecution before the cause came on for trial. Prior to the institution of this proceeding, plaintiff had caused the arrest of defendant on charge of assault, and on trial to a jury there was a verdict of not guilty. Thereafter plaintiff brought this action, alleging that in instituting the prosecution against him for larceny defendant acted maliciously and without probable cause and demanding damages. Defendant answered in denial and by way of counterclaim alleged that plaintiff's prosecution of him for assault was malicious and without probable cause, for which wrong he asked to recover damages. The cause was tried to a jury, resulting in a verdict for plaintiff for $400, and, defendant's motion for new trial being overruled and judgment entered on the verdict, he appeals. So far as the case turns upon disputed questions of fact, the jury has determined them in plaintiff's favor, and we have no disposition to interfere with its finding.

It is enough to say that under the evidence the jury was justified in finding that defendant was the aggressor in the quarrels which finally ripened into litigation and criminal proceedings, and that in carrying on the controversy he manifested an abusive, if not malignant, disposition, which gave ample ground for the conclusion that he was actuated by malice. His own statement of the facts

on which he based the allegation of larceny demonstrates that no such offense had been committed and that he, as a man of ordinary intelligence, must have known it. His only excuse for his course is the statement that the constable told him that a criminal proceeding for theft was his proper remedy. He did not consult counsel until after the prosecution had been begun, and was then told that the proceeding was improper, whereupon he dismissed it. Under such circumstances, it requires no argument to demonstrate that plaintiff was entitled to go to the jury upon his claim for damages.

The burden of appellant's complaint upon this appeal has special reference to alleged errors of the trial court in its instructions upon his counterclaim for damages occasioned by his arrest and prosecution for an alleged assault. It may be admitted that the charge of the court in this respect was somewhat confused, but we think there was no prejudicial error. Taking the record in its most favorable aspect for the defendant, it discloses no case upon which any damages on his counterclaim could properly have been allowed or recovered.

The occurrence upon which the charge was predicated even as related by defendant himself seems to make a good *prima facie* case of assault, but, whether this be so or not, it is shown without dispute that the matter was fully and fairly laid before the county attorney, and that the prosecution was instituted upon his advice. Under this state of the record, defendant could not have been prejudiced by the alleged error in submitting his counterclaim.

Error is also assigned upon the failure of the trial court to limit the effect and purpose of certain evidence given to the jury. As it is conceded that the evidence was competent and admissible for certain purposes, and it further appears that defendant did not ask any ruling or instruction limiting its effect, he is not in position to claim

that such omission was erroneous.   *Conners v. Chingren,*
111 Iowa, 444.

Other alleged errors are without substantial support
in the record.

We find no sufficient ground for disturbing the verdict
of the jury, and the judgment of the district court is *af-firmed.*